# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

State Farm Fire & Casualty Company,      \*

          \*

      Plaintiff,      \*

          \*

vs.      \*      **Civil Action No.:**

          \*

Edmunds Realty, LLC, Matthew Tiemeyer      \*

d/b/a Landscapes Etc., LLC, Aline Obeid,      \*

d/b/a Landscapes Etc., LLC      \*

and Landscapes Etc., LLC      \*

          \*

      Defendants.      \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes Plaintiff State Farm Fire & Casualty Company ("State Farm"), through counsel, and files suit against Defendants Matthew Tiemeyer d/b/a Landscapes Etc., LLC, Landscapes Etc., LLC, Edmunds Realty, LLC, and Aline Obeid d/b/a Landscapes, Etc., LLC pursuant to Rule 57 of the *Federal Rules of Civil Procedure* and 28 U.S.C. § 2201, *et seq.*, State Farm shows unto the court the following:

## PARTIES

1.     State Farm is a fire and casualty insurance company licensed to conduct business in the state of Tennessee.   State Farm is an Illinois corporation with it's principal place of business located in Bloomington, Illinois.

2.     Defendant Matthew Tiemeyer ("Tiemeyer") is a resident of Knox County, Tennessee.  It has been alleged Defendant Tiemeyer is doing business as Landscapes Etc., LLC ("Landscapes") and can be served with process at 1258 Topside Road, Louisville, Tennessee.

3.     Upon information and belief, Defendant Aline Obeid ("Obeid") is a resident of Knox County Tennessee and can be served with process at 1400 Bexhill Drive, Knoxville, Tennessee 37922.  It has been alleged that she was doing business as Landscapes, Etc., LLC at all times pertinent.

4.     Defendant Edmunds Realty, LLC ("Edmunds") is a Tennessee Limited Liability company with its principal business address at 801 Weisgarber Road, Knoxville, Tennessee. Defendant Edmunds owns and operates Castleton Farms.

5.     Defendant Landscapes Etc., LLC is a Tennessee Limited Liability Company with its principle place of business at 1626 Caracas Road, Knoxville, Tennessee 37922 .  Its registered agent for service of process is Matthew Tiemeyer and can be served with process at 1258 Topside Road,  Louisville, Tennessee.

## JURISDICTION

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a)(1) and the amount in controversy exceeds $75,000.  State Farm requests that this Court issue a declaration as to the rights, status and legal relationships between it and the defendants as established by the insurance policy issued to Landscapes by State Farm.

## VENUE

7.     The engineering, design and construction of a pond, irrigation system and landscape services provided by Defendant Landscapes to Defendant Edmunds occurred in Loudon County Tennessee and the subsequent lawsuit arising out of that work is filed in Knox County Chancery

Court, No. 180181-3 and gives rise to an insurance claim under the referenced policy of insurance and to this cause of action.

## **FACTS**

8.     State Farm issued to Defendant Landscapes a Contractors policy number 92-K1-5301-7 with effective dates of August 15, 2009 through August 15, 2010 (hereinafter "Contractors policy").  (A Certified Copy of the policy is attached hereto and incorporated herein as Exhibit A)

9.     On or about April 15, 2011, suit was filed against Defendants Tiemeyer d/b/a Landscapes, by Defendant Edmunds in Chancery Court for Knox County, Civ. Action No. 180181-3.  (A copy of said complaint is attached hereto and incorporated herein as Exhibit B.)

10.     In that underlying suit Defendant Edmunds alleged that Defendant Landscapes designed, engineered and constructed a pond and irrigation system for Edmunds' property at Castleton Farms beginning in early 2008. Said work allegedly occurred and was ongoing through 2009 and 2010.  It was also alleged that Tiemeyer was an officer and agent of Landscapes prior to its dissolution.

11.     Edmunds alleges Landscapes represented it was competent to perform the work and advertised on its website its full range of landscape services.  Further that Edmunds relied upon Landscapes representations of its experienced and competence.

12.     Defendant Edmunds alleged in the underlying suit, that the water level in the pond could not be maintained.  Landscapes, while denying any fault for the water level issue, allegedly purported to correct the problem; however, after each remediation attempt, the water level issue with the pond persisted.

13.     Defendant Edmunds alleged that the failure of the pond was due to the initial faulty and negligent engineering, design, and construction by Landscapes.

14.     Defendant Edmunds alleged that the irrigation system constructed, designed and installed by Landscapes and completed in April 2010 encountered problems such as insufficient pressure and leaking. Allegedly Landscapes attempted to correct these problems as well in 2009 and 2010, but such issues remained unresolved.   Defendant Edmunds also alleged the cost to attempt to correct these problems was passed on to him.

15.     The complaint also alleged that the construction and design of the irrigation system was faulty in that it contains zone wiring breaks, zone piping laid too close to the roadway, zones unconnected, improper wiring, and pipes laid against each other and no system design.

16.     Defendant Edmunds alleged that due to the faulty work of Landscapes on the irrigation system, excessive water killed expensive landscaping, eroded portions of the property and damaged a driveway.

17.     Defendant Edmunds also alleged violations of the Tennessee Consumer Protection Act, because Defendant Landscapes:

a)  engaged in deceptive acts or practices when it represented that its goods and services had characteristics, uses, benefits or quantities that they did not in fact have and which they failed to provide.

b) represented its goods and services were of a particular standard, quality or grade when they were not.

c)  advertised goods or services with the intent not to sell them as advertised because they were not of the high quality represented and advertised on its website.

18.     State Farm issued a reservation of rights letter to its insured, Matthew Tiemeyer, Landscapes Etc., LLC, pursuant to the Contractor's policy on May 11, 2011.   (Attached Exhibit C- Reservation of Rights Letter)

19.     On or about May 12, 2014, an amended complaint was filed against defendants Tiemeyer and Obeid d/b/a Landscapes Etc., LLC, by Defendant Edmunds in Chancery Court for Knox County, Civ. Action No. 180181-3.  (A copy of said amended complaint is attached hereto and incorporated herein as Exhibit D.)

20.     This amended complaint (Exhibit D), in addition to the allegations contained in the original complaint (Exhibit B) realleged the same or similar allegations against Defendant Obeid, essentially by adding Obeid to the lawsuit and making the allegations against Defendants Tiemeyer and Obeid d/b/a Landscapes collectively.

21.     The amended complaint alleged that defendants Tiemeyer and Obeid d/b/a Landscapes dug into the leach field or septic drain field of the septic system for Castleton Farms, causing damage to the septic system and waste water flowing into the pond.

22.     Defendant Edmunds, in the amended complaint, also alleged an additional violation of the Tennessee Consumer Protection Act, because Defendants Tiemeyer and Obeid d/b/a Landscapes:

> Failed to obtain the necessary general contractor's licenses for performing general contracting activities which is a per se violation of the Tennessee Consumer Protection Act.

23.     The State Farm Contractor's policy provides for coverage as follows:

**COVERAGE L –**
**BUSINESS LIABILITY**

We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payment. This insurance applies only:

1.    to **bodily injury** or **property damage** caused by an **occurrence** which takes place in the **coverage territory** during the policy period;

2.    to **personal injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. The **occurrence** must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

3.    to **advertising injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. The **occurrence** must be committed in the course of advertising your goods, products or services.

**RIGHT AND DUTY TO DEFEND**

We will have the right and duty to defend any claim or **suit** seeking damages payable under this policy even though the allegations of the **suit** may be groundless, false or fraudulent. The amount we will pay for damages is limited as described in Limits of Insurance. Damages because of **bodily injury** include damages claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury**. We may investigate and settle any claim or **suit** at our discretion. Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

24.    The State Farm Contractor's policy provides for the following pertinent definitions:

**SECTION II DEFINITIONS**

This section contains the definitions of the words printed in bold face in Section II of this policy. It is an integral part of the policy. The definitions appearing below will be applied as if they were included each time the words they define are used in Section II of this policy.

When used in the provisions applicable to Section II of this policy (including endorsements forming a part of this policy):

1.    **advertising injury** means injury arising out of one or more of the following offenses:

     a.    oral or written publication, in any manner, or material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

     b.    oral or written publication, in any manner, of material that violates a person's right of privacy;

     c.    the use of another's advertising idea in your **advertisement**; or

     d.    infringing upon another's copyright, trade dress or slogan in your **advertisement**.

*****

3.    **bodily injury** means **bodily injury**, sickness or disease sustained by a person, including death resulting from the **bodily injury**, sickness or disease at any time;

*****

12.    **occurrence means:**

     a.    an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

     b.    the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.

For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident;

13.    **personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:

     a.    false arrest, detention or imprisonment;

     b.    malicious prosecution;

     c.    the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

     d.    oral or written publication in any manner, or material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e.        oral or written publication, in any manner, of material that violates a person's right of privacy;

All other policy provisions apply.

********

15.    **products-completed operations hazard**:

    a.    includes all **bodily injury** and **property damage** arising out of **your product** or **your work** except products that are still in your physical possession or work that has not yet been completed or abandoned.  The **bodily injury** or **property damage** must occur away from premises you own or rent unless your business includes the selling, handling or distribution of **your product** for consumption on premises you own or rent.

        **Your work** will be deemed completed at the earliest of the following times;

        (1)    when all of the work called for in your contract has been completed**;**

        (2)    when all of the work to be done at the site has been completed if your contract calls for work at more than one site; or

        (3)    when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed;

    b.    does not include **bodily injury** or **property damage** arising out of:

        (1)    the transportation of property unless the injury or damage arises out of a condition in or on a vehicle created by the **loading or unloading** of it; or

        (2)    the existence of tools, uninstalled equipment or abandoned or unused materials;

16.    **property damage** means:

a. physical injury to or destruction of tangible property, including all resulting loss of use of that property; or

b. loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property:

********

22. **your work**

a. means:

(1) work or operations performed by you or on your behalf; and

(2) materials, parts or equipment furnished in connection with such work or operations;

b. includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in (1) or (2) above.

25. The Contractor's policy contains the following applicable exclusions:

**SECTION II – COMPREHENSIVE BUSINESS LIABILITY**

**BUSINESS LIABILITY EXCLUSIONS**

Under Coverage L, this insurance does not apply:

*******

10. to **bodily injury, property damage** or **personal injury** due to rendering or failure to render any professional services or treatments. This includes but is not limited to:

b. engineering, drafting, surveying or architectural services, including preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications.

11. to **property damage** to:

e.      that particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the **property damage** arises out of those operations; or

f.      that particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.  This part of this exclusion does not apply to **property damage** included in the **products-completed operations hazard.**

Parts c., d., e. and f. of this exclusion do not apply to liability assumed under a sidetrack agreement.

******

13.      to **property damage** to **your work** arising out of it or any part of it and included in the **products-completed operation hazard.**

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

26.      Pursuant to the policy coverages, definitions and exclusions, State Farm denies that it has any duty to defend or indemnify Defendants Landscapes Etc., LLC or Tiemeyer or Obeid d/b/a Landscapes in the event that liability on either Landscapes, Obeid, or Tiemeyer's part is adjudicated in the pending Knox County Chancery Court Suit, No.: 180181-3.

27.      There exists a justifiable controversy between and among the parties of such immediacy that this Court must declare the respective rights of the parties.

**WHEREFORE**, State Farm Fire & Casualty Company respectfully prays that this Court (a) enter judgment that State Farm is not liable to defend or indemnify Defendant Matthew Tiemeyer d/b/a Landscapes Etc., LLC and/or Aline Obeid d/b/a Landscapes Etc., LLC  and/or Landscapes for the allegations made in Civil Action in #180181-3 pending in Knox County Chancery Court pursuant to the policies at issue; (b)  Alternatively, if State Farm is liable to

defend and indemnify its insured in Knox County Chancery Court Civil Action #180181-3 for

what portion of the alleged damages is State Farm liable (c) that it be awarded costs in its behalf

expended, and (d) that this Court grant whatever further relief it does deem equitable and just.

By:    _s/ Leslie T. Ridings_____
Leslie T. Ridings
TN BPR No. 019621
Attorney for State Farm Fire & Casualty Company
**HUNTER, SMITH & DAVIS, LLP**
1212 North Eastman Road
Post Office Box 3740
Kingsport, TN  37664-0740
(423) 378-8820